UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>JOHN DOE and RICHARD ROE as unknown members of the Estate of EDNA BELEN SANTIAGO ORTIZ<br><br>Defendants | CIVIL NO.<br><br>Foreclosure of Mortgage; Collection of Money |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting by the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1. Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2. Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of one (1) promissory note that affects the two (2) properties described further below.

3. Said promissory note was subscribed for the amount of **$22,470.23**, with annual interest of 9.75%, on August 30, 1993. *See Exhibit 1.*

4. For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 36. *See Exhibit 2.*

5. According to the Property Registry, EDNA BELEN SANTIAGO ORTIZ is the owner of record of the real estate properties subject of this case. Said properties are described -as they were recorded in Spanish- as follows:

A. RÚSTICA: Se describe según el documento presentado, observándose que los tomos donde se describe están en estado de deterioro:

RÚSTICA: "B": Compuesta de 59.100 cuerdas luego de hechas 2 segregaciones de 12.00 y 3.00 cuerdas; de Rústica: de 74.00 cuerdas, equivalentes a 20 hectáreas, 8 áreas y 50 centiáreas de terreno radicada en el barrio Coabey de Jayuya, en lindes: NORTE, Soledad Rivera; SUR, Francisco y Monserrate Ortiz y Juan Bautista Rivera; ESTE, Soledad Rivera y Rosario Canales hoy su Sucesión; y OESTE, Río Jayuya, llamado Saliente.

Property 974, recorded at page 221 of volume 3 of Jayuya, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 3.*

B. RÚSTICA "A": Parcela de terreno con el #1 del caso T-1642 radicada en el barrio Jayuya Arriba, lugar de Coabey, término municipal de Jayuya, compuesta de 3.00 cuerdas, equivalentes a 1 hectárea, 17 áreas, 92 centiáreas y 5,138

diez milésimas de otra, en lindes; NORTE y ESTE, con la finca principal de la que se segrega, propiedad de Emiliano Rivera; SUR, Carlos Santiago y finca principal de la cual se segrega; OESTE, Carlos Santiago y finca principal de la cual se segrega. Está separada en parte de sus colindancias Sur y Oeste por una quebrada. Tiene acceso por un camino de la finca que partiendo de su esquina Noroeste en dirección Norte, Oeste y Sur, empalmando sucesivamente con un camino vecinal y con el camino Coabey, en una distancia aproximada de 6 kilómetros, 5 hectómetros de la carretera insular #15 sección de Adjuntas-Ciales.

Property 1,067, recorded at page 32 of volume 22 of Jayuya, Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 4.*

6. The title searches attached to this complaint confirm the registration of the mortgage liens that secure the loan obligations between the plaintiff and the defendants. *See Exhibits 3-4.*

7. EDNA BELEN SANTIAGO ORTIZ passed away on December 25, 2005. *Exhibit 5.*

8. JOHN DOE and RICHARD ROE are included as possible unknown heirs to the Estate of EDNA BELEN SANTIAGO ORTIZ.

9. According to *P.R. Laws Ann.*, Article 1,578, (Sec. 11,021), defendants have 30 days to either accept or reject their participation in the Estate(s) to which they lawfully belong. If no answer is received within said period, their participation shall be deemed as accepted.

10. It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the

covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

11. The defendant party herein, jointly and severally, has failed to comply with the terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, the defendant party owes to the plaintiff, according to the Certification of Indebtedness included herein as *Exhibit 6*, the following amounts, as to January 13, 2021:

   a) On the $22,470.23 Note:

      1) The sum of $22,470.23, of principal;

      2) The sum of $58,748.46, of interest accrued, and thereafter until its full and total payment, which interest amount increases at the daily rate of $6.0023;

      3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

12. The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the properties described in

this complaint.

**VERIFICATION**

I, JACQUELINE LAZU LABOY, of legal age, married, executive and resident of Humacao, Puerto Rico, in my capacity as Director of LRTF for the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge

and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 15 day of January, 2021.




JACQUELINE LAZU LABOY

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a) That defendant's party pays unto the plaintiff the amounts claimed on this complaint;

b) Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c) That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d) That if the proceeds of such sale be insufficient to

cover the amounts specified under paragraph 16 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies against any of the properties of said defendants;

e) That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f) That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g) For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, on January 15, 2021.

/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 3908
GUAYNABO, PR 00970
TEL. 787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com

USDA-FmHA
Form FmHA 1940-17
(Rev. 10-89)

# PROMISSORY NOTE

| | |
|---|---|
| Name: EDNA BELEN SANTIAGO ORTIZ | |
| State: PUERTO RICO | County: JAYUYA |
| Case No. | Date: AUGUST 30, 1993 |
| Fund Code: 41 | Loan No.: 01 |

KIND LOAN
Type: rU
☐ Regular
☐ Limited Resource

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

ACTION REQUIRING NOTE
☐ Initial loan
☐ Subsequent loan
☐ Consolidated & subsequent loan
☐ Consolidation
☐ Conservation easement
☐ Rescheduling
☐ Reamortization
☒ Credit sale
☐ Deferred payments
☐ Debt write down

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in JAYUYA, PUERTO RICO ________, or at such other place as the Government may later designate in writing, the principal sum of TWENTY TWO THOUSANDS FOUR HUNDREDS SEVENTY DOLLARS WITH TWENTY THREE CENTS dollars ($ 22,470.23), plus interest on the unpaid principal balance at the **RATE** of NINE AND THREE FOURTH percent ( 9.75 %) per annum and ---------- dollars ($ ------ ) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in 11 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ | on | $ | on |
|---|---|---|---|
| 1,220.00 | 1-1-94 | | N/A |
| | N/A | | N/A |
| | N/A | | N/A |
| | N/A | | N/A |
| | N/A | | N/A |
| | N/A | | N/A |

and $ 3,864.00 thereafter on 1st. of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 10 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any producti[illegible]f an agricultural commodity on highly erodibl[illegible]d after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay wh... due any debt evidenced by this note or perform a... covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

x Edna Belén Santiago Ortiz (Borrower)
EDNA BELEN SANTIAGO ORTIZ

## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico

Juan M. Ortiz Serbiá
State Executive Director

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

(Note on the upper left-hand corner and margin of the first page: I CERTIFY having issued first certified copy of this deed, today, day of its execution, in favor of interested party. I GIVE FAITH.
(Signature) Notary Public.
Note: Stamped with the seal of the Notary Public, Rubén Hernández-Rosario.

Administrative Office of the United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and faithful translation of its original.
(Signature)
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

------------------------DEED NUMBER THIRTY-SIX------------------

--------------------------SALE AND MORTGAGE---------------------

--In the city of Jayuya, Puerto Rico, on the thirtieth (30th) day of the month of August of one thousand nine hundred ninety-three (1993).-----------------

------------------------------BEFORE ME---------------------------

RUBEN HERNANDEZ ROSARIO, Attorney and Notary Public of Puerto Rico, with residence, domicile and office open in the city of Jayuya, Puerto Rico.-----------------------------------------------------

-------------------------------APPEARING---------------------------

THE FIRST PARTY: The Farmers Home Administration, represented in this deed through Mister FELIPE ORTIZ MERCADO, who is of legal age, married, Local Supervisor for the Farmers Home Administration and resident of Jayuya, Puerto Rico, with social security number [redacted]-----------------------------------------------------------

THE SECOND PARTY: MISTRESS EDNA BELEN SANTIAGO ORTIZ, who is of legal age, single through divorce, employee and resident of the city of New York, United States of America and passing through Jayuya, Puerto Rico, with social security number

[redacted]------------------------------------------------------------------

(Note: handwritten note at the bottom of the first page stating "Received 8/31/9 (illegible)).

I GIVE FAITH of personal knowledge regarding the ones appearing herein; in like manner, I give it regarding their age, civil status, profession and domicile with regard to their statements; they assure of having and, in my judgment, have the necessary legal capacity for this execution and by such virtue, freely;----------------------------------------

--------------------------------STATE--------------------------------

--FIRST: That the ones appearing for the first party are the owners in absolute and full domain of the following real estate property which is described as follows:

RURAL "A":-Plot of land marked with the number One (1) of Case T-One thousand six hundred forty-two (T-1,642), located in the Coabey ward, municipality of Jayuya, Puerto Rico, comprised of three (3) "cuerdas", equivalent to one (1) hectare, seventeen (17) ares, ninety-two (92) centiares and five thousand one hundred thirty-eight (5,138) ten-thousandths of another, abutting, on the North and the East with the principal properties from which it is segregated, property of Emiliano Rivera; on the South, with Carlos Santiago and principal property from which it is segregated; on the West, with Carlos Santiago and principal property from which it is segregated. It's separated in part on its SOUTH and WEST boundaries by a creek. It has access though a road from the property which, parting from its northwest corner in the direction toward the North, West and South, meeting up with a neighborhood road and with the Coabey road at an approximate distance of six kilometers, five hectometers, from state road number fifteen, the Adjunta-Ciales section."------------------------------------------------------------------

RURAL "B":-Comprised of seventy-four (74) "cuerdas", equivalent to twenty (20) hectares, eight (8) ares and fifty (50) centiares of land located in the Coabey ward of Jayuya, abutting on the North with Soledad Rivera; on the South with Francisco Monserrate Ortiz and Juan Bautista Rivera; on the East with Soledad Rivera Rosario Canales, today their succession and West with the Jayuya river, called Saliente.---------

This property is reduced to the area of fifty-nine (59) "cuerdas", after two (2) segregations of twelve (12) and thirteen (13) "cuerdas" respectively has been carried out, but from the registry, the subscription for these fifty-nine



(59) "cuerdas" does not appear.------------------------------------------------
The same are registered on the back side of page 70 of book 73, property number 1067, 13th registration and page 237 of book 40, property #974, 24th registration, respectively.--------------------------------------------

--SECOND:- The one appearing for the second party or the seller acquired the described real estate property through Deed of Judicial Sale Number Fifteen (15) executed before Attorney Francisco R. Dávila Vega in Hato Rey, Puerto Rico on the fourth (4) day of August of one thousand nine hundred ninety-two.--------------------------------------

--THIRD:- The total sale price is divided between both properties in the following manner:-FOUR THOUSAND NINE HUNDRED SIXTY-SEVEN DOLLARS AND TWENTY-THREE CENTS ($4,967.23) for property "A" and TWENTY THOUSAND DOLLARS ($20,000.00) for property "B".

--FOURTH:- That the appearing parties have agreed on the sale of the property described above and they carried it out under the following:-----

--------------------------------CLAUSES--------------------------------

First: - That now, after an agreement to the effect between the appearing parties, the one appearing for the first party, in the capacity that he bears, CEDES, SELLS, WAIVES AND TRANSFERS in favor of the one appearing for the second party herein, the plots of land described under the "First" fact of this deed, with everything that the same contains and is attached and permanent to them, uses and rights of way and



all the rights and actions and however many participations are held over the same, for the agreed upon and total price of TWENTY-FOUR THOUSAND NINE HUNDRED SIXTY-SEVEN DOLLARS AND TWENTY-THREE CENTS ($24,967.23).---------------------------------

Second: -That the second party delivers to the first party the amount of TWO THOUSAND FOUR HUNDRED NINETY-SEVEN DOLLARS ($2, 497.00).------------------------------------------------------------------

Third: That to guarantee the payment of the balance of the sum owed which amounts to TWENTY-TWO THOUSAND FOUR HUNDRED SEVENTY DOLLARS AND TWENTY-THREE CENTS ($22,470.23), these shall remain in a mortgage with the Farmers Home Administration, Deed of Mortgage which shall be executed on the same day as today.----

--Due to the fact that these properties are being acquired through an FO-Credit Sale Non-Program, they will not enjoy the limited resources clause or the reamortization.-----------------------------------------------

--The second party commits itself to the payment of Taxes on the Property, which as of the day of its execution, reaches the amount of FOUR THOUSAND ONE HUNDRED NINETY-SEVEN DOLLARS AND TWENTY-THREE CENTS ($4,197.23).-----------------------------------

--The remaining TWENTY-TWO THOUSAND FOUR HUNDRED SEVENTY DOLLARS AND TWENTY-THREE CENTS ($22,470.23), for the concept of the sale shall be paid in the form and manner which are described in a mortgage promissory note issued by the BUYER on

this same date, of which a faithful copy of its original is enclosed.-------
Fourth:- That the principal sum of TWENTY-TWO THOUSAND FOUR HUNDRED SEVENTY DOLLARS AND TWENTY-THREE CENTS ($22,470.23) with interest at NINE POINT SEVENTY-FIVE per cent (9.75%) annually for a term of ten years (10). The form of payment of this obligation shall be at the rate of ONE THOUSAND TWO HUNDRED TWENTY DOLLARS AND ZERO CENTS ($1,220.00) payable on the first day of January of 1994, and afterwards, annual payments of THREE THOUSAND EIGHT HUNDRED SIXTY-FOUR DOLLARS AND ZERO CENTS ($3,864.00) shall be made, on the first day of each subsequent year until the end of said debt.-----------
Fifth:- The second party waived all rights of notice, presentation, requirement of payment and protest, and in the event of judicial claim or of foreclosure of the mortgage constituted in guaranty of the payment of this obligation and commits itself to the payment of costs, expenses and attorney's fees in the liquid amount of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00), demandable in their entirety with the sole presentation of the initial brief of mortgage foreclosure, even when the proceedings are not carried out in a finding of default on the part of the debtors of the obligation.-----------------------------------------
Sixth:- The payment of this obligation has been guaranteed with a mortgage over real estate property which is described in the first clause of this

Deed number THIRTY-SIX (36), dated August 30, 1993, executed before Notary Public Rubén Hernández Rosario, in the city of Jayuya, Puerto Rico and the mortgage responsibility between both properties in the event of foreclosure of mortgage is distributed in the following manner:- TWO THOUSAND FOUR HUNDRED SEVENTY DOLLARS AND TWENTY-THREE CENTS ($2,470.23) for property "A" and TWENTY THOUSAND DOLLARS ($20,000.00) for property "B".----------------------------------------------------------------

---SIXTH:-That in compliance with what is stated by the effective Mortgage Act, the ones appearing herein, all of them appraise the mortgage real estate property for the purpose of the first auction that must be held in the event of foreclosure, in the sum of TWO THOUSAND FOUR HUNDRED SEVENTY DOLLARS AND TWENTY-THREE CENTS ($2,470.23) for the property referred to with the letter "A" and TWENTY THOUSAND DOLLARS ($20,000.00) for the property referred to with the letter "B".--------------------------------

----------------------------------ACCEPTANCE-----------------------------------

--The grantors accept this deed in the manner drafted due to finding it in accordance to what was agreed upon and required by them.---------------

-- I, the Notary, stated to them the warnings of law relevant to this execution.-------------------------------------------------------------------------

--The grantors have read and consent to this deed due to finding it in conformity to what they requested and they proceed to stamp their initials on each one of the pages, they sign it without requesting the intervention of witnesses, a right which I warned them they had. I, the Notary, GIVE FAITH of what I state, make reference to or narrate in this public instrument, which I sign, stamp and paraph. I GIVE FAITH.

(signed)
Felipe Ortiz Mercado

(signed)
Edna Belén Santiago Ortiz

(Note: Signed by the Notary, Rubén Hernández Rosario and also stamped with his Notarial stamp).

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and faithful translation of its original.
Patricia Beckerleg
PATRICIA BECKERLEG
Certified Court Interpreter Translator

(Handwritten note: Registered on the back side of page 21 of book 297 of Utuado, property #23, 34th registration. It is encumbered by 2 mortgages, one in favor of the United States of America for the sum of $50,000.00 and another one in favor of the bearer of the promissory note for the sum of $10,000.00. Utuado, on March 12, 1991. Fees: $288.50 Number 1 and 2 stamp for duties).

(Signature)
Doris M. de Figueroa (also initials)
Registrar

(Signature)
William Montero

(Note: The page is stamped with the Seal of the Property Registry, Utuado section; also with an Internal Revenue stamp, $0.50 value, number 3925405.)

Administrative Office of the
United States Courts
**CERTIFIED TRANSLATION**
I certify that the foregoing is a true and faithful translation of its original.
Patricia Beckerleg
PATRICIA BECKERLEG
Certified Court Interpreter/Translator

CERTIFICO: -Haber expedido primera copia certificada de esta escritura, hoy día de su otorgamiento, a favor de parte interesada.

DOY FE.




----------ESCRITURA NUMERO TREINTA Y SEIS---------

--------------COMPRAVENTA E HIPOTECA--------------

--En la Ciudad de Jayuya, Puerto Rico, a los treinta (30) días del mes de agosto del mil novecientos noventa y tres (1993).----------------

--------------------ANTE MI---------------------

RUBEN HERNANDEZ ROSARIO, Abogado y Notario Público de Puerto Rico, con residencia, vecindad y estudio abierto en esta Ciudad de Jayuya, Puerto Rico.----

-------------------COMPARECEN--------------------

DE LA PRIMERA PARTE:-La Administración de Hogares de Agricultores, representrada en esta escritura a través de don FELIPE ORTIZ MERCADO, quien es mayor de edad, casado, Supervisor Local de la Administracón de Hogares de Agricultores y vecino de Jayuya, Puerto Rico, con el número de seguro social [redacted]----------------------------

LA SEGUNDA PARTE:-DOÑA EDNA BELEN SANTIAGO ORTIZ, quien es mayor de edad, soltera por divorcio, empleada y vecina de la Ciudad de New York, Estados Unidos de América y de paso por Jayuya, Puerto Rico, con el número de seguro social




1-7

-----------------------------------------

DOY FE del conocimiento personal de los comparecientes; asimismo la doy de su edad, estado civil, profesión y vecindad con arreglo a sus manifestaciones; aseguran tener y a mi juicio tienen la capacidad legal necesaria para este otorgamiento y en tal virtud libremente;-----------

---------------------EXPONEN----------------------

--PRIMERO:-Que los comparecientes de la primera parte son dueños en absoluto y pleno dominio del siguiente inmueble que se describe a continuación:

"RUSTICA "A":-Parcela de terreno marcado con el número Uno (1) del Caso T-Mil Seiscientos Cuarentidos (T-1,642), radicada en el Barrio Coabey, término municipal de Jayuya, Puerto Rico compuesta de Tres (3) Cuerdas, equivalentes a una (1) hectárea, diecisiete (17) áreas, noventidos (92) centiáreas y cinco mil ciento treintiocho (5,138) diez milésimas de otra, en lindes, por el Norte y el Este con la finca principal de la que se segrega propiedad de Emiliano Rivera; por el Sur con Carlos Santiago y finca principal de la cual se segrega; y por el Oeste, con Carlos Santiago y finca principal de la cual se segrega. Está separada en parte de sus colindancias SUR Y OESTE por una quebrada. Tiene acceso por un camino de la finca que partiendo de su esquina noroeste en dirección Norte, Oeste, y Sur, empalmando sucesivamente con un camino vecinal y con el camino Coabey en una distancia aproximada de seis kilómetros, cinco hectómetros, de la carretera insular número quince sección de Adjuntas-Ciales."--------------------------------




"RUSTICA "B":-Compuesta de Setenta y Cuatro (74) Cuerdas, equivalentes a veinte (20) hectáreas, ocho (8) áreas y cincuenta (50) centiáreas de terreno radicada en el Barrio Coabey de Jayuya, en LINDES: por el Norte, con Soledad Rivera; por el Sur con Francisco y Monserrate Ortiz y Juan Bautista Rivera; por el Este con Soledad Rivera y Rosario Canales hoy su Sucesión y Oeste con Río Jayuya, llamado Saliente.------------------------

--Esta finca se encuentra reducida a la cabida de cincuenta y nueve, (59) cuerdas, luego de hechas dos (2) segregaciones de doce (12) y tres (3) cuerdas respectivamente, pero del Registro no aparece la descripción de estas cincuenta y nueve

2

(59) cuerdas.-------------------------------------

--Las mismas se encuentran inscritas al folio 70 vuelto del tomo 73, finca número 1067. inscripción 13 y folio 237 del Tomo 40, Finca # 974, inscripción 24, respectivamente.----------------

--SEGUNDO:-El compareciente de la primera parte o la parte vendedora adquirió el descrito inmueble por la Escritura de Venta Judicial Número Qunce (15) otorgada ante el Licenciado Francisco R. Dávila Vega, en Hato Rey, Puerto Rico el día cuatro (4) de agosto de del mil novecientos noventa y dos.-----------------------------------

--TERCERA:-El precio total de compraventas se divide entre ambas finca de la siguiente manera:-CUATRO MIL NOVECIENTOS SESENTA Y SIETE DOLARES CON VEINTITRES CENTAVOS ($4,967.23) por la finca "A" y VEINTE MIL DOLARES ($20,000.00) por la finca "B".---------------------------------------

--CUARTA:-Que las partes comparecientes tienen convenida la compraventa de la propiedad antes descrita y la llevan a efecto bajo las siguientes:---------------------------------------




--------------------CLAUSULAS --------------------

Primera:-Que ahora, previo convenio a los efectos entre las partes comparecientes, el compareciente de la primera parte en el carácter que ostenta, CEDE, VENDE, RENUNCIA Y TRASPASA a favor de la compareciente de la segunda parte, las parcelas de terreno descritas bajo el hecho "Primero" de esta escritura, con todo cuanto laa mismas contienen y le son anexo y permanente, usos y servidumbre y

3

todos los derechos y acciones y cuantas participaciones sobre el mismo tienen, por el convenido y total precio de VEINTICUATRO MIL NOVECIENTOS SESENTA Y SIETE DOLARES CON VEINTITRES CENTAVOS ($24, 967.23).----------------

Segunda:-Que la segunda parte hace entrega a la primera parte de la cantidad de DOS MIL CUATROCIENTSO NOVENTA Y SIETE DOLARES ($2,497.00)-

Tercera:-Que para garantizar el pago de el balance de la suma adeudada ascendente a VEINTIDOS MIL CUATROCIENTOS SETENTA DOLARES CON VEINTITRES CENTAVOS ($22,470.23) este quedará en hipoteca con la Administración de Hogares de Agricultores, Escritura de Hipoteca que habrá de otorgarse en este mismo día de hoy.---------------------------

--Debido a que estas propiedades se están adquiriendo a través de un préstamo "FO-Credit Sale Non Program" no gozará de la cláusula de recursos limitados ni de reamortización.----------

--La segunda parte se compromete al pago de Contribuciones sobre la Propiedad, la cual al día de este otorgamiento suma la cantidad de CUATRO MIL CIENTO NOVENTA Y SIETE DOLARES CON VEINTRITRES CENTAVOS ($4.197.23)------------------------------

--Los restantes VEINTIDOS MIL CUATROCIENTOS SETENTA DOLARES CON VEINTITRES CENTAVOS ($22,470.23), por concepto de la Compraventa serán pagados de la forma y manera que se describe en un pagaré hipotecario expedido por la COMPRADORA en




4

esta misma fecha, del cual se acompaña copia fiel de su original------------------------------------

Cuarta:-Que la suma principal es de VEINTIDOS MIL CUATROCIENTOS SETENTA DOLARES CON VEINTITRES CENTAVOS con intereses al NUEVE PUNTO SETENTA Y CINCO por ciento (9.75%) anual por un término de diez años (10). La forma de pago de esta obligación será a razón de MIL DOSCIENTOS VEINTE DOLARES CON CERO CENTAVOS ($1,220.00) pagaderos el día primero de enero de 1994, y luego se harán pagos anuales de TRES MIL OCHOCIENTOS SESENTA Y CUATRO DOLARES CON CERO CENTAVOS ($3,864.00) los días primero de cada año subsiguientes hasta el término de dicha deuda.---------------------------

Quinta:-La segunda parte renuncia a todo derecho de aviso, presentación, requerimiento de pago y protesto, y para en caso de reclamación judicial o de ejecución de la hipoteca constituída en garantía del pago de esta obligación y se obligo al pago de las costas, gastos y honorarios de abogado en la cantidad líquida de DOS MIL QUINIENTOS DOLARES ($2,500.00), exigibles en su totalidad por la sola presentación de escrito inicial de ejecución de hipoteca, aún cuando los procedimientos no sean llevados en rebeldía de los deudores de la obligación.------------------------




Sexta:-El pago de esta obligación ha sido garantizado con hipoteca sobre el bien inmueble que se describe en el expositivo primero de esta

5

escritura número TREINTA Y SEIS (36) de fecha del día 30 de agosto del 1993, otorgada ante el notario público Rubén Hernández Rosario, en la Ciudad de Jayuya, Puerto Rico, y la responsabilidad hipotecaria entre ambas fincas para en caso de ejecución de hipoteca se distribuye de la siguiente manera:-DOS MIL CUATROCIENTOS SETENTA DOLARES CON VEINTITRES CENTAVOS ($2,470.23) para la finca "A" y VEINTE MIL DOLARES ($20,000.00) para la finca "B".--------

--SEXTA:-Que en cumplimiento a lo dispuesto por la Ley Hipotecaria vigente, los comparecientes todos tasan el inmueble hipotecado a los efectos de la primera subasta que debe celebrarse en caso de ejecución, en la suma de DOS MIL CUATROCIENTOS SETENTA DOLARES CON VEINTITRES CENTAVOS ($2,470.23) por la finca denominada con la letra "A" y VEINTE MIL DOLARES, ($20,000.00) para la finca denominada con la letra "B".----------------




6

Inscrito al folio 21 vuelto del tomo 297 de Utuado, finca # 23, inscripción 34. Se halla afecta a 2 hipotecas, una a favor de Estados Unidos de América por la suma de $50,000.00 y otra a favor del Portador del Pagaré por la suma de $10,000.00. Utuado a 12 de marzo de 1991.
Drs: $288.50 [illegible]




Registradora

# CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico

Juan M. Ortiz Serbiá
State Executive Director

8

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO
P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

**CLIENT:** **EDNA BELÉN SANTIAGO ORTIZ**

**REF: 1521.231**
**BY: ALEXIA JUARBE**

**PROPERTY NUMBER:** 974, recorded at page 221 of volume 3 of Jayuya, Registry of the Property of Utuado, Puerto Rico.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Se describe según el documento presentado, observándose que los tomos donde se describe están en estado de deterioro:

**RÚSTICA:** "B": Compuesta de 59.100 cuerdas luego de hechas 2 segregaciones de 12.00 y 3.00 cuerdas; de Rústica: de 74.00 cuerdas, equivalentes a 20 hectáreas, 8 áreas y 50 centiáreas de terreno radicada en el barrio Coabey de Jayuya, en lindes: **NORTE**, Soledad Rivera; **SUR**, Francisco y Monserrate Ortiz y Juan Bautista Rivera; **ESTE**, Soledad Rivera y Rosario Canales hoy su Sucesión; y **OESTE**, Río Jayuya, llamado Saliente.

**TITLE:**

This property is registered in favor of EDNA BELÉN SANTIAGO ORTIZ, single, who acquired it by purchase from United States of America, at a price of $20,000.00, pursuant to deed #36, executed in Jayuya, Puerto Rico, on August 30, 1993, before Rubén Hernández Rosario Notary Public, recorded at page 239 of volume 40 of Jayuya, property number 974, 25th inscription.
**Presented on September 8, 1993**
**Recorded on November 17, 1993**

**LIENS AND ENCUMBRANCES:**

I. By reason of its origin this property is free of liens and encumbrances

II. By reason of itself this property is encumbered by the following:

1. **MORTGAGE:** Constituted by Angel L. González and his wife María Andújar, over this and other property, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $2,500.00, with 9½% annual interests, due on 5 years, constituted by deed #230, executed in Utuado, Puerto Rico, on September 27, 1979, before Samuel R. Puig Magaz Notary Public, recorded at page 235 of volume 40 of Jayuya, property number 974, 21st inscription.
   It is not distributed the responsibility of mortgage.
   **Presented on October 2, 1979**
   **Recorded on October 3, 1979**

2. **MORTGAGE:** Constituted by Edna Belén Santiago Ortiz, single, in favor of over this and other property, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $22,470.23, with 9.75% annual interests, due on 10 years, responding this property by $20,000.00, constituted by deed #36, executed in Jayuya, Puerto Rico, on August 30, 1993, before Rubén Hernández Rosario Notary Public, recorded at page 239 of volume 40 of Jayuya, property number 974, 25th inscription.
   **Presented on September 8, 1993**
   **Recorded on November 17, 1993**

ESTUDIOS DE TITULO
SEGUROS DE TITULO
P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com



**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to January 7th, 2021.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

***EAGLE TITLE AND OTHER SERVICES, INC.***

Authorized signature

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of Trujillo Alto, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on January 7th, 2021, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 12 day of January of 2021.

Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4460.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 12 day of January of 2021.







NOTARY PUBLIC



Exhibit 4

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO
P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una 'póliza de Seguro de Título.




**CLIENT: EDNA BELÉN SANTIAGO ORTIZ**

**REF: 1521.231**
**BY: ALEXIA JUARBE**

**PROPERTY NUMBER:** 1,067, recorded at page 32 of volume 22 of Jayuya, Registry of the Property of Utuado, Puerto Rico.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA "A":** Parcela de terreno con el #1 del caso T-1642 radicada en el barrio Jayuya Arriba, lugar de Coabey, término municipal de Jayuya, compuesta de **3.00 cuerdas, equivalentes a 1 hectárea, 17 áreas, 92 centiáreas y 5,138 diez milésimas de otra,** en lindes; **NORTE** y **ESTE**, con la finca principal de la que se segrega, propiedad de Emiliano Rivera; **SUR**, Carlos Santiago y finca principal de la cual se segrega; **OESTE**, Carlos Santiago y finca principal de la cual se segrega. Está separada en parte de sus colindancias Sur y Oeste por una quebrada. Tiene acceso por un camino de la finca que partiendo de su esquina Noroeste en dirección Norte, Oeste y Sur, empalmando sucesivamente con un camino vecinal y con el camino Coabey, en una distancia aproximada de 6 kilómetros, 5 hectómetros de la carretera insular #15 sección de Adjuntas-Ciales.

**ORIGIN:**

It is segregated from property number 974, recorded at page 221, volume 3 of Jayuya.

**TITLE:**

This property is registered in favor of EDNA BELÉN SANTIAGO ORTIZ, single, who acquired it by purchase from United States of America, at a price of $4,963.23, pursuant to deed #36, executed in Jayuya, Puerto Rico, on August 30, 1993, before Rubén Hernández Rosario Notary Public, recorded at overleaf of page 71 of volume 73 of Jayuya, property number 1,067, 14th inscription.
**Presented on September 8, 1993**
**Recorded on November 17, 1993**

**LIENS AND ENCUMBRANCES:**

I. By reason of its origin this property is free of liens and encumbrances

II. By reason of itself this property is encumbered by the following:

1. **MORTGAGE:** Constituted by Angel L. González and his wife María Andújar, over this and other property, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $2,500.00, with 9½% annual interests, due on 5 years, constituted by deed #230, executed in Utuado, Puerto Rico, on September 27, 1979, before Samuel R. Puig Magaz Notary Public, recorded at page 68 of volume 73 of Jayuya, property number 1,067, 11th inscription.
   It is not distributed the responsibility of mortgage.
   **Presented on October 2, 1979**
   **Recorded on October 3, 1979**

2. **MORTGAGE:** Constituted by Edna Belén Santiago Ortiz, single, in favor of over this and other property, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $22,470.23, responding this property by $2,470.23, with 9.75% annual interests, due on 10 years, constituted by deed #36, executed in Jayuya, Puerto Rico, on August 30, 1993, before Rubén Hernández Rosario Notary Public, recorded at overleaf of page 71 of volume 73 of Jayuya, property number 1,067, 14th inscription.
   **Presented on September 8, 1993**
   **Recorded on November 17, 1993**

ESTUDIOS DE TITULO
SEGUROS DE TITULO
P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to January 7th, 2021.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

***EAGLE TITLE AND OTHER SERVICES, INC.***

*Authorized signature*

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of Trujillo Alto, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on January 7th, 2021, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 12 day of January of 2021.

Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4458.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 12 day of January of 2021.




RECIBO
4U19-02165223

Sello



9397
11/23/2020
$5.00

Sello de Asistencia Legal
80093-2020-1123-43295301




NOTARY PUBLIC

Exhibit 5




RECEIVED
SEP 25 '07
U. . . .O, PR
FSA

NUMERO DE CERTIFICADO (CERTIFICATE NUMBER)
152-2006-00326-029243-001606-01821134

NOMBRE DEL FALLECIDO (DECEASED NAME)
EDNA BELEN SANTIAGO ORTIZ

SEGURO SOCIAL (SOCIAL SECURITY)
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

SEXO (SEX)
F

ESTADO CIVIL (MARITAL STATUS
CASADA (MARRIED)

NOMBRE CONYUGE (SPOUSE'S NAME)
JOSEPH E LUPINSKI

FECHA DEFUNCION (DEATH DATE)
25 DIC 2005

FECHA REGISTRO (REGISTRATION DATE)
26 ENE 2006

LUGAR DEFUNCION (DEATH PLACE)
SAN JUAN, PUERTO RICO

FUE EMBALSAMADO? (WAS EMBALMED?)
SI FUE EMBALSAMADO (EMBALMED)

CAUSA DE MUERTE (CAUSE OF DEATH)
UNSPECIFIED DIA.MELLITUS WITHOUT COMPLICATIONS

FECHA NACIMIENTO (BIRTH DATE)
10 MAY 1930

EDAD (AGE)
75 AÑOS

LUGAR NACIMIENTO (BIRTHPLACE)
JAYUYA, PUERTO RICO

NOMBRE DEL PADRE (FATHER'S NAME)
JUANA DIAZ

NOMBRE DE LA MADRE (MOTHER'S NAME)
NIDIA ORTIZ

FECHA EXPEDICION (DATE ISSUED)
18 SEP 2007

**CERTIFICAMOS:** que la que antecede es una copia fiel y exacta de un certificado original archivado bajo nuestra custodia en el Registro Demográfico del Departamento de Salud de Puerto Rico y que las correcciones que puedan aparecer en dicho certificado original aquí fotografiado son correcciones Bona-Fide hechas de acuerdo con las leyes que para tales fines rigen en Puerto Rico.

Rosa Pérez Pérdomo, MD, MPH, PHD
Secretario de Salud
Secretary of Health

**THIS IS TO CERTIFY:** That this is a true copy of an original certificate on file in our custody in the Demographic Registry of the Department of Health of Puerto Rico and that the corrections that my appear in the original certificate here photostatically reproduced are Bona-Fide corrections made in accordance to what our statute prescribes in such cases.

Nicolás Fernández Cornier, M.S.
Director, Registro Demográfico
Director Demographic Registry







**ADVERTENCIA:** Es ilegal alterar o falsificar esta copia.
**WARNING:** Any alteration or erasure voids this certification.

Exhibit 6

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**FARM SERVICE AGENCY**

654 Muñoz Rivera Avenue
654 Plaza Suite #829
San Juan, PR 00918

Borrower: Santiago Ortiz, Edna Case No: 63-030-6358

***CERTIFICATION OF INDEBTEDNESS***

I, Carlos J. Morales, of legal age, single, a resident of San Juan, Puerto Rico, in my official capacity as Loan Resolution Task Force Contractor of the *Farm Service Agency*, United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according to information obtained from all available records at the USDA-Farm Service Agency:

***Statement of Account as of January 13, 2021***

| | | |
|---|---|---|
| Loan Number | | 41-01 |
| Note Amount | $ | 22,470.23 |
| Original Note Date | | 8/30/1993 |
| Date of Last Payment | | 12/30/1994 |
| Principal Balance | $ | 22,470.23 |
| Unpaid Interest | $ | 58,748.46 |
| Misc. Charges | $ | - |
| Total Balance | $ | 81,218.69 |
| Daily Interest Accrual | $ | 6.0023 |
| Amount Delinquent | $ | 81,218.69 |
| Years Delinquent | | Fully matured |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under penalty of perjury as allowed by 28 U.S.C. 1746.

Carlos J. Morales Lugo
LRTF Contractor
January 13, 2021

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

---

Attorney Name (Last, First, MI): Fortuño, Juan Carlos

USDC-PR Bar Number: 211913

Email Address: jcfortuno@fortuno-law.com

---

1. Title (caption) of the Case (provide only the names of the first party on each side):

   Plaintiff: UNITED STATES OF AMERICA, acting through the USDA

   Defendant: JOHN DOE and RICHARD ROE; ET ALS.

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case
   ☐ Social Security
   ☐ Banking
   ☐ Injunction

3. Indicate the title and number of related cases (if any).

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6. Does this case question the constitutionality of a state statute? (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted: January 15, 2021

rev. Dec. 2009

Print Form Reset Form

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Juan C. Fortuño Fas
Po Box 3908, Guaynabo, PR 00970
Tel. 787-751-5290

## DEFENDANTS

JOHN DOE and RICHARD ROE, et als.

County of Residence of First Listed Defendant Jayuya, P.R.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 81,218.69

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE 01/15/2021

SIGNATURE OF ATTORNEY OF RECORD s/Juan Carlos Fortuño Fas

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______